Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff ATL Shipping Ltd.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 329-0120
Facsimile:    (646) 328-0121
Matthew J. Cowan (MC 1481)
mcowan@bgmplaw.com

RECEIVED
JUL 01 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ATL SHIPPING LTD.,

        Plaintiff,

   - against -

FELIX MARITIME PTE LTD. and
GLOBAL HARVEST TRADING PTE LTD.,

        Defendants.
-----------------------------------------------------------X

Docket No.: 08-CV-3755

**AMENDED VERIFIED COMPLAINT**

    Plaintiff, ATL SHIPPING LTD., by its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, complaining of the defendants FELIX MARITIME PTE LTD. and GLOBAL HARVEST TRADING PTE LTD. herein, alleges upon information and belief as follows:

    1.    This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2.    At all times hereinafter mentioned, Plaintiff, ATL SHIPPING LTD. (hereinafter "ATL"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of China, with an office and principal place of business in Shanghai, China.

3. At all times hereinafter mentioned, defendant FELIX MARITIME PTE LTD. (hereinafter "FELIX"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of Singapore, with an office and principal place of business in Singapore.

4. At all times hereinafter mentioned, defendant GLOBAL HARVEST TRADING PTE LTD. (hereinafter "GLOBAL"), was, and now is, a corporation or other business entity acting as an alter-ego and/or guarantor of FELIX, duly organized and existing under and by virtue of the laws of Singapore, with an office and principal place of business in Singapore.

5. On April 30, 3006 and June 29, 2007, ATL and FELIX entered into two maritime contracts, commonly referred to as charterparties, for the employment of the vessels M/V Tina and M/V Buana.

6. Pursuant to the respective charterparties, ATL provided FELIX with the M/V Tina and M/V Buana.

7. Various disputes arose during the performance of both charters. The disputes were as follows:

   a. M/V Tina

   | | |
   |---|---|
   | i. Vessel redelivery eight (8) days late resulting in charter hire due totaling: | US $82,390.00 |
   | ii. Physical damage caused to vessel due to two (2) groundings and negligent operation of a forklift resulting in damage totaling: | US $160,478.00 |
   | iii. As a result of the groundings, a surveyor was required to inspect the vessel resulting in costs being incurred by ATL totaling: | US $4,525.36 |
   | iv. Pursuant to clause 50 of the charterparty rider, the crew was paid a bonus resulting in costs | |

2

      to be reimbursed by defendant in the amount of:      US $12,000.00

b. M/V Buana

    i. Charter hire due under the charterparty:      US $56,228.04

c. Arbitration, attorneys' fees, costs, and interest:      US $200,000.00

8.    As a result of FELIX's failure to pay ATL's money due and owing under the charterparty, ATL has suffered damages totaling US $515,621.40.

9.    As a result of GLOBAL's failure to pay ATL's money due and owning under the charterparty, ATL has suffered damages totaling US $515,621.40.

## SINGAPORE ARBITRATION

10.    Pursuant to the terms and conditions of the charterparties, all disputes between the parties herein are subject to arbitration in Singapore.

11.    This action is expressly filed without prejudice to that right.

## REQUESTED RELIEF

12.    ATL seeks issuance of process of maritime attachment so that it may obtain security up to the amount of US $515,621.40 for its claims under the maritime contract.

13.    The defendants cannot be found within this district, but is believed to have assets within this district consisting of cash, funds, freight, hire, credits in the hands of American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank, Fortis Bank and other New York City banks and financial institutions.

**WHEREFORE**, Plaintiff prays:

1. That judgment in the sum of US $515,621.40 be entered in favor of ATL and against FELIX and GLOBAL, together with interests and costs from the date of the defendants' breach of contract;

2. That process of maritime attachment and garnishment be issued and levied against cash, funds, and credits of FELIX and GLOBAL, in the hands of American Express Bank, JP Morgan Chase, Citibank, Bank of America, Bank of New York, BNP Paribas, Deutsche Bank, HSBC (USA) Bank, Fortis Bank or any other bank located in New York, New York, in the sum of US $515,621.40, and that process in due form of law according to the practice of this Honorable Court in cases of Admiralty and Maritime jurisdiction may issue against FELIX and GLOBAL, citing it to appear and answer under oath all and singular the matters aforesaid.

3. That pursuant to Rule B of the Special Admiralty Rules of the Federal Rules of Civil Procedure the assets of FELIX and GLOBAL be seized; and,

4. That the Plaintiff, ATL SHIPPING LTD., be granted such other, further, and different relief as in law and justice it may be entitled to receive.

Dated: June 30, 2008
New York, New York

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff

_____
Matthew J. Cowan
494 Eighth Avenue, 7th Floor
New York, New York 10122
Telephone: (646) 328-0120
Facsimile: (646) 328-0121
mcowan@bgmplaw.com

## VERIFICATION

Matthew J. Cowan, III, under the penalty of perjury states:

1. That he is an associate at the firm of Bennett, Giuliano McDonnell & Perrone LLP, attorneys for the plaintiff herein; that he has read the foregoing Amended Verified Complaint and knows the content thereof and that the same is true to the best of his knowledge, information and belief.

2. That the reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation and no officers or directors are within the district.

3. The sources of deponent's information and the grounds for his belief are statements made by and documents received from representatives of said corporation.

_____
Matthew J. Cowan (MC 1481)